*Decision will be entered under Rule 50.*

HERBERT SCHATZKI AND ELSE SCHATZKI, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 40833. Promulgated May 28, 1953.

*Nathan M. Silverstein, Esq.*, for the respondent.

### OPINION.

MURDOCK, *Judge:* The Commissioner determined a deficiency of $833.24 in the income tax of the petitioners for their fiscal year ended June 30, 1948. The only issue is whether the petitioners, in computing their tax at the rates applicable to 1947, can do so on the basis of separate returns where they filed a joint return for the fiscal year. The facts have been presented by a stipulation which is adopted as the findings of fact.

The petitioners, husband and wife, filed separate individual tax returns for their fiscal years ending in 1939 through 1947, but chose to file a joint return with the collector of internal revenue for the district of Connecticut for the taxable year, their fiscal year ended June 30, 1948. The Internal Revenue Code gave them that choice. Section 51 (b) (1). The single return filed for the taxable year is clearly a joint return.

Apparently each had some separate income and their total tax was less on the basis of separate returns until the law was changed as of January 1, 1948, to permit the tax, of a husband and wife filing a joint return, to be computed as if one-half of their total income after that date was the separate income of each. The joint return was filed, no doubt, to take advantage of that change in the law.

The record does not show how or why the petitioners are entitled to file their return or returns on a fiscal year basis, but since they and the Commissioner proceed upon the theory that a fiscal year is proper, the Court assumes that it is.

Section 108 (d) provides that the tax imposed by sections 11, 12, and 400 in the case of taxable years of individuals beginning in 1947 and ending in 1948 shall be the sum of:

(1) that portion of a tax, computed as if the law applicable to taxable years beginning on January 1, 1947, were applicable to such taxable year, which the number of days in such taxable year prior to January 1, 1948, bears to the total number of days in such taxable year, plus

(2) that portion of a tax, computed as if the law applicable to taxable years beginning on January 1, 1948, were applicable to such taxable year, which the number of days in such taxable year after December 31, 1947, bears to the total number of days in such taxable year.

The petitioners computed the tax at the rates applicable to 1948 under (2) on the basis of a joint return, but computed the tax at the rates applicable to 1947 under (1) on the basis of separate returns, and then added the two together.

The Commissioner, in determining the deficiency, computed the tax at the rates applicable to each year under (1) and (2) on the basis of a joint return and added the two together.

The petitioners point to no statutory or other authority for computing any part of the tax on the basis of separate returns where the taxpayers have elected to file a joint return for the taxable fiscal year in question. The fact that they filed separate returns for prior fiscal years is immaterial. Section 51 (b) (1) provides, "If a joint return is made the tax shall be computed on the aggregate income and the liability with respect to the tax shall be joint and several." The portion of the tax computed at the 1947 rates must be computed upon the basis of a joint return where, as here, the taxpayers elected to file a joint return for the taxable fiscal year.

*Decision will be entered for the respondent.*